John Weldon FORBES,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 77–1161
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 21, 1977.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Gary D. Jackson, Dallas, Tex., Emmett Colvin, (Court-appointed), Dallas, Tex., for petitioner-appellant.

John Weldon Forbes, pro se.

John L. Hill, Atty. Gen., John Pierce Griffin, Asst. Atty. Gen., Joe Dibrell, Chief, Enforcement Div., David M. Kendall, Jr., Walter C. Prentice, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court dismissing the habeas corpus petition of a Texas state prisoner. We affirm.

The appellant was convicted by a jury of being an accomplice to murder with malice and was sentenced by the jury to 3,000 years imprisonment. *Forbes v. State*, Tex. Cr.App.1974, 513 S.W.2d 72, cert. denied 420 U.S. 910, 95 S.Ct. 830, 42 L.Ed.2d 840.

In his habeas petition filed below, the appellant contends that he was denied his right to confront witnesses against him. First, the state, required to prove the guilt of the principal beyond a reasonable doubt, was allowed to introduce the judgment of conviction and the sentence of the principal. Appellant argues that this deprived him of the right to cross-examine the witnesses who testified against the principal and the jurors who convicted him. The appellant also argues that the introduction of the principal's sentence, also 3,000 years, prejudiced him. Finally, appellant contends that the state was allowed to take and use at trial the deposition of a material witness in the absence of the witness.[1]

The issues raised by appellant concern matters of state procedure which, absent a denial of fundamental fairness, will not be considered when raised in a habeas corpus petition. *Blankenship v. Estelle*, 5 Cir. 1977, 545 F.2d 510; *Gephart v. Beto*, 5 Cir. 1971, 441 F.2d 319, cert. denied 404 U.S. 966, 92 S.Ct. 342, 30 L.Ed.2d 286. A reading of the trial transcript and record fails to disclose that the alleged errors amounted to a denial of fundamental fairness. The judgment below is affirmed.

AFFIRMED.

---

1. Appellant was represented by counsel at the deposition, did not object to the taking of the testimony by such procedure and the entire proceeding was presided over by the state trial judge.