Michael Ernest PENTECOST,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr.,
Respondent-Appellee.

No. 78–1068.

United States Court of Appeals,
Fifth Circuit.

Oct. 30, 1978.

Michael Ernest Pentecost, pro se.

George R. Bedell, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Douglas M. Becker, Asst. Atty. Gen., John L. Hill, Atty. Gen., David M. Kendall, Joe B. Dibrell, Jr., Renea Hicks, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, RONEY and GEE, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal from an order denying habeas corpus relief to Michael Ernest Pentecost who was convicted of robbery by assault and given a life sentence. Relief is claimed on the ground that appellant's due process rights were violated by the admission of evidence at trial on the collateral issue of the shooting of the police officer and the trial court's failure to permit appellant to present allegedly impeaching evidence on that issue. We find the shooting incident to be admissible as a part of the entire transaction and affirm the district court's denial of relief.

Appellant and three companions stopped at a Stop "N" Go market at 3:35 a. m. on June 22, 1973, whereupon appellant and one of the men entered the market and, brandishing guns, demanded and obtained money from the night manager.

At approximately 4:00 a. m. on the same morning of the robbery, Officer Cloud saw several people standing around a car near a motel 4 miles from the market. Officer Cloud decided to question the individuals, however, before he could confront them, they drove away. The officer followed the car, stopped it, flashed his light on the driver and asked the driver to get out of the car. Three shots were fired from the vehicle, two of which hit the officer. Officer Cloud, who was shot by the driver, identified the driver as being appellant Pentecost.

During the trial, two eye-witnesses identified Pentecost as the robber or his clothing as that worn by the robber. In addition, an accomplice testified that appellant had used a stolen car during the robbery and appellant had stated that he shot the officer to avoid having to go back to prison for stealing the car and robbing the store.[1] The record reveals that appellant returned to rob the same market on July 3, 1973 and stated that he had robbed the store a few days earlier.

The trial court allowed a substantial amount of evidence to be introduced concerning the shooting of the police officer as being probative of appellant's guilt. Appellant sought to introduce allegedly impeaching evidence of a petition filed in a juvenile proceeding charging appellant's half-brother with assault with intent to kill Cloud. The trial court denied admission of this evidence. In affirming the trial court's decision to exclude that evidence, the Texas

1. The following is from the direct examination of Frank Avelos:

Q. Okay. Now, during the time you were riding in the car did you ask Michael Pentecost why he shot the policeman?
A. Yes, sir.
Q. What did he tell you?
A. That he didn't want to go back to jail, to prison.
Q. He didn't want to go back to prison?
A. Yes, sir.
Q. What else?
A. For stealing the car.
Q. And what else?
A. Robbing that store.
Q. Robbing the store?
A. Yes, sir.
Q. That is why he had shot the policeman?
A. Yes, sir.
Q. All right. Did he say he shot the pig?
A. Yes, sir.
Q. All right. When you say pig you mean a policeman, don't you?
A. Yes, sir.
Record pp. 144–45.

Court of Criminal Appeals stated that the record reflected that both the appellant and his half-brother were occupants of the car when the shots were fired, thus the guilt of appellant was consistent with that of his half-brother as either a principal or an accessory.

Under the prevailing state law, the Texas Court of Criminal Appeals determined that no error was committed through the admission of evidence that appellant shot Officer Cloud. As in *Arivette v. State,* 513 S.W.2d 857 (Tex.Cr.App.1974), the court found the evidence to be probative of appellant's guilt. This decision is consistent with many other Texas court decisions that have long held that a collateral offense so interwoven with the offense charged as to be a part of the same transaction is admissible. *E. g., Cavett v. State,* 505 S.W.2d 289 (Tex.Cr. App.1974); *Nash v. State,* 467 S.W.2d 414 (Tex.Cr.App.1971); *Kerrigan v. State,* 167 Tex.Cr.R. 601, 321 S.W.2d 884 (1959).

This circuit has previously determined that the admission of an extraneous offense into evidence is constitutionally permissible if it meets the two tests espoused in *Hills v. Henderson,* 529 F.2d 397 (5th Cir.), *cert. denied,* 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976). First, there must be a strong showing that the appellant committed the offense and, second, the extraneous offense must be rationally connected with the offense charged. The court feels that these tests were satisfied by the positive identification of appellant by Cloud and by the close proximity in time and distance between the extraneous offense and the primary offense. We, therefore find no error in the trial court's admission of evidence relating to the extraneous offense of the shooting of the police officer.

■ Appellant challenges the trial court's refusal to admit allegedly impeaching material on the collateral issue of the shooting of the police officer. It is the contention of appellant that the trial court wrongfully excluded from evidence a petition filed in a juvenile proceeding charging appellant's half-brother with assault with intent to kill Officer Cloud. We find this argument to be without merit. The trial record establishes that both appellant and his half-brother were together in the car at the time of the shooting. Considering the evidence in the light most favorable to the state, we agree with the finding of the Texas Court of Criminal Appeals that the guilt of appellant's half-brother, whether as a principal or an accessory, would not be inconsistent with the testimony given at trial.[2]

■ Moreover, trial courts traditionally have been afforded wide discretion in refusing to admit impeaching material on collateral issues. *Corpus v. Beto,* 469 F.2d 953 (5th Cir. 1972), *cert. denied,* 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973). Appellant's contention is, thus, grounded on the argument that the trial court abused its discretion. For this contention to be competent for consideration in a federal habeas corpus proceeding, the alleged error must be of such magnitude as to render the entire trial fundamentally unfair. *E. g., Forbes v. Estelle,* 559 F.2d 967 (5th Cir. 1977), *cert. denied,* 434 U.S. 998, 98 S.Ct. 640, 54 L.Ed.2d 494 (1978); *Blankenship v. Estelle,* 545 F.2d 510 (5th Cir. 1977); *Hills v. Henderson,* 529 F.2d 397 (5th Cir.), *cert. denied,* 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976). Appellant has not met this burden.

■ We conclude that the collateral evidence sought to be introduced by appellant was not impeaching and, moreover, the trial court acted within its sound discretion in refusing its admission. Having also found that the trial court properly admitted the collateral evidence of the shooting of the police officer, we affirm the denial of appellant's petition for habeas corpus.

AFFIRMED.

---

2. There would be no inconsistency whether the evidence established that both appellant and his half-brother shot the officer or even if it proved that only appellant's half-brother committed the actual act. Each became an agent for the other in their "partnership of crime" and as such was responsible for the others actions. *E. g., Nudd v. Burrows,* 91 U.S. 426, 23 L.Ed. 286 (1875); *Friscia v. United States,* 63 F.2d 977 (5th Cir.), *cert. denied,* 289 U.S. 762, 53 S.Ct. 797, 77 L.Ed. 1505 (1933).