Juan ENRIQUEZ, Petitioner-Appellant,

v.

Raymond K. PROCUNIER, Director, Texas Department of Corrections, Respondent-Appellee.

No. 83–1056.

United States Court of Appeals, Fifth Circuit.

Dec. 26, 1984.

Juan Enriquez, pro se.

Mark Browning, Sheinfeld, Maley & Kay, Houston, Tex. (court-appointed), for petitioner-appellant.

Jim Mattox, Atty. Gen., Charlie Strauss, Leslie A. Benitez, Daniel Zemann, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEE and POLITZ, Circuit Judges, and BELEW,[*] District Judge.

POLITZ, Circuit Judge:

The genesis of this appeal from a denial of 28 U.S.C. § 2254 habeas relief dates to April 25, 1966 when Juan Enriquez shot to death his girlfriend, her father, her brother, a woman he abducted, and a Texas Highway Patrolman. On October 19, 1966, a jury convicted Enriquez of capital murder of Kay Foss, the abductee, and imposed the death penalty. The conviction was affirmed on direct appeal. *Enriquez v. State*, 429 S.W.2d 141 (Tex.Crim.App.1968). The sentence was commuted to life imprisonment. That conviction is the subject of the present petition. In four other proceedings Enriquez pleaded guilty to murder and received three concurrent 99-year sentences and one 25-year sentence.

The protracted history of petitioner's quest for collateral relief is convoluted. We note merely that Enriquez has filed nine state habeas applications, all of which were denied by the Texas Court of Criminal Appeals in orders dating from October 7, 1968 to November 7, 1979. That court cited Enriquez for abuse of the writ and refused to accept the tenth filing in April 1980. In the meantime, on October 2, 1968, Enriquez filed the instant petition for federal habeas. Relief was denied and Enriquez appealed. We remanded, directing the retention of jurisdiction and the deferral of any action until exhaustion of all state proceedings. After several amendments and false starts, the present petition was denied by the district court without a hearing, based on the magistrate's recommendations.

On appeal Enriquez contends: (1) he was not competent to stand trial in 1966; (2) he was denied effective assistance of counsel; (3) extraneous offense evidence was improperly admitted; and (4) Hispanics were unconstitutionally excluded from the grand jury which indicted him and the petit jury which convicted him. Finding no merit in any contention, we affirm.

*Discussion*

## A. *Competency*

Enriquez's competency challenge is twofold. First he contends that he was denied due process because the state trial court did not, *sua sponte,* hold a hearing to determine his competence to stand trial. In *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the Supreme Court held that a defendant has a procedural due process right to a competency hearing whenever the facts before the trial court raise or should raise a bona fide doubt concerning competency. In determining whether a competency hearing is required, a trial court should give particular consideration to (1) the existence of a history of irrational behavior; (2) the defendant's bearing and demeanor at the time of trial; and (3) prior medical opinions. *Reese v. Wainwright*, 600 F.2d 1085, 1091 (5th Cir.), *cert. denied,* 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979). A petitioner seeking habeas relief based on the trial court's alleged failure to comply with *Pate,* has the burden of proving that the objective facts known to the trial court were sufficient to raise a bona fide doubt as to his competency. *Reese.*

Enriquez has not met this burden. At a pretrial conference defense counsel submitted a letter from Dr. Neville Murray which suggested that Enriquez was suffering from significant mental illness which required further evaluation. Enriquez was examined by two psychiatrists designated by the state. After examining Enriquez these doctors reported that he was of sound mind and "aware of the nature and quality of his acts" and "capable of cooperating with his defense attorney." Before trial the judge questioned Enriquez at length and satisfied himself that Enriquez was competent to stand trial, that he· understood the charges and had discussed them with defense counsel. Under these circumstances, a *Pate* hearing was not mandated.

[*] District Judge of the Northern District of Texas, sitting by designation.

■ Enriquez also contends that he was not competent to stand trial. Whether a state court should have conducted an evidentiary hearing is a question separate from the core issue of the defendant's actual competence to stand trial. *Zapata v. Estelle,* 588 F.2d 1017 (5th Cir.1979). Competency may be raised in post-conviction proceedings even if no competency hearing was requested by the defendant at or before the state trial. *Id.* When federal habeas is sought on the ground that the defendant was in fact incompetent at the time of trial, the petitioner's initial burden is substantial. "Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner...." *Bruce v. Estelle,* 483 F.2d 1031, 1043 (5th Cir.1973), subsequent opinion, 536 F.2d 1051 (5th Cir.1976).

■ The evidence of record is insufficient to raise a real and substantial doubt that Enriquez lacked mental competence at the time of his trial. Dr. Murray's letter is more than offset by the reports of the state's psychiatrists and a treating physician, the trial court's observations, and the statements of defense counsel when the competency hearing was waived.

### B. *Ineffective representation*

■ Enriquez claims that he received inadequate representation from his court-appointed counsel. Specifically, he claims that his attorney failed to: (1) urge the insanity defense, (2) interview crucial witnesses, and (3) request a competency hearing. Recently, in *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court announced the burdens a petitioner must carry before this sixth amendment complaint will justify federal habeas relief. The petitioner must show that "counsel's representation fell below an objective standard of reasonableness." 104 S.Ct. at 2065. More specifically, the convicted defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 104 S.Ct. at 2066. In ruling upon defendant's claim, the court must "reconstruct the circumstances of counsel's challenged conduct" and attempt to avoid "the distorting effects of hindsight." 104 S.Ct. at 2065. Finally, "because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 104 S.Ct. at 2065–66.

■ Once a defendant has shown that his counsel's conduct was deficient, he must then show that the deficient representation was materially prejudicial. In order to show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 104 S.Ct. at 2068. The court teaches that "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

■ Enriquez has not made either showing; we perceive neither deficient representation nor prejudice. Defense counsel investigated the competency issue and decided, for tactical reasons, that an insanity defense should not be advanced. A measure of investigation leading to a reasonable tactical decision does not fall below the *Strickland v. Washington* threshold. The same reasoning applies to the decision not to request a competency hearing. Nor do we find a defect of constitutional proportions in counsel's failure to interview the witnesses to the other murders.

### C. *Extraneous offenses*

■ Enriquez claims that the court erred in allowing evidence of the other murders. This argument fails. The three murders in question occurred before Enriquez abducted and murdered Kay Foss, and stole her car. The evidence was admitted to show motive, intent and identity.

*Enriquez v. State,* 429 S.W.2d 141 (Tex. Crim.App.1968); *Ellisor v. State,* 162 Tex. Cr.R. 117, 282 S.W.2d 393 (Tex.Crim.App. 1955). In this circuit, the admission of an extraneous offense into evidence is constitutionally permissible if it meets the two tests set forth in *Hills v. Henderson,* 529 F.2d 397 (5th Cir.), *cert. denied,* 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976). First, there must be a strong showing that the defendant committed the offense and, second, the extraneous offense must be rationally connected with the offense charged. *Id. See also, Pentecost v. Estelle,* 582 F.2d 1029, 1031 (5th Cir.1978). The admission of the evidence in this case readily passes muster. The defendant has been convicted of the extraneous offenses and they were a principal motive for the murder of Kay Foss.

### D. *Exclusion of Hispanics*

 Enriquez maintains that the make-up of the grand jury and petit jury involved in his indictment and conviction was unconstitutional. He contends that in 1966 Hispanics were systematically excluded from participation in grand and petit juries. In order to secure federal habeas relief on this ground Enriquez must: (1) establish that the group against whom discrimination is asserted is a recognizable, distinct class, singled out for different treatment; (2) prove that the group has been underrepresented over a significant period of time; and (3) support the presumption thus created by showing that the selection procedure is susceptible of abuse or is not racially neutral. *Castaneda v. Partida,* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977); *Guice v. Fortenberry,* 661 F.2d 496 (5th Cir.1981) (en banc). Enriquez's mere allegation of discriminatory jury selection is insufficient to require a hearing. "If ... the petitioner has been accorded a fair and complete opportunity to adduce evidence in state court, neither the petitioner nor the state should be put to the wasteful exercise of repetition in federal court." *Guice v. Fortenberry,* 661 F.2d at 500.

 In the present case, the state court record provides an adequate basis for resolving this claim without a hearing. Enriquez was accorded an adequate opportunity to present his evidence in the state court. We find the evidence presented insufficient to establish a prima facie case for discrimination in the grand and petit jury selection. On the first day of his trial, Enriquez filed a challenge to the array and a motion to dismiss the jury venire. During a hearing on the motion, the Karnes County District Clerk was instructed by the court to prepare a list of persons summoned on jury venires with Mexican-American surnames. These lists reflect that from 1963 to 1966, 72 of 732 petit jurors, 12 of 112 grand jurors, and 6 of 34 jury commissioners had Mexican-American surnames. At the hearing, Enriquez offered statistics as to the percentage of Mexican-American surnames among persons living in Karnes County. Because the exhibit was not properly authenticated, it was not admitted into evidence. No further evidence was offered on this issue. On direct appeal, the Texas Court of Criminal Appeals noted that Enriquez had failed to adduce evidence as to the percentage of Hispanics in Karnes County and concluded that he had failed to show a history of discrimination. *Enriquez v. State,* 429 S.W.2d 141. At the state habeas hearing, the court concluded that Enriquez failed to present evidence sufficient to establish the systematic exclusion of Mexican-Americans from the grand or petit juries. Enriquez has had a fair and complete opportunity to show, and has failed to show, the Hispanic population in Karnes County in 1966; the total population in Karnes County in 1966; and the number of Hispanic citizens and other citizens eligible to serve as jurors in Karnes County in 1966. Consequently, he has failed to establish the second element required by *Castaneda:* underrepresentation of Hispanics on jury panels over a significant period of time. This contention is therefore without merit.

The judgment of the district court is AFFIRMED.