# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00309-CV

Juan Enriquez, Appellant

v.

Rissie Owens, Individually, and in Her Official Capacity as Chairman,
Texas Board of Pardons and Paroles, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-06-001219, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Juan Enriquez, an inmate in the Texas Department of Corrections, appeals from a final summary judgment on claims he asserted against appellee Rissie Owens, individually and in her official capacity as chairman of the Texas Board of Pardons and Paroles ("Owens"). In seven issues on appeal, Enriquez argues that the district court erred in granting summary judgment for Owens, denying his "no-evidence" summary judgment, and denying his motion for new trial. We will affirm the judgment.

## BACKGROUND

The underlying facts are described in the Court's prior opinion in a previous appeal by Enriquez arising out of the same case. *See Enriquez v. Owens*, No. 03-09-00237-CV, 2010 WL 1507821 (Tex. App.—Austin Apr. 14, 2010, no pet. h.) (mem. op.) ("*Enriquez I*"). As we

explained in *Enriquez I*, Enriquez was convicted of murder with malice in 1968 and sentenced to death.[1] Enriquez's sentence was commuted to life imprisonment after the statutory scheme under which his capital punishment was imposed was declared unconstitutional under the 1972 *Furman v. Georgia* decision.

Enriquez complains in his suit that the Board of Pardons and Paroles improperly reviewed him for parole under section 508.046 of the government code, the "extraordinary-vote" provision, which requires a vote of two-thirds of the entire Board to release certain inmates on parole. Tex. Gov't Code Ann. § 508.046 (West Supp. 2009). He asserts that instead he should have been reviewed by a three-member panel because the current version of section 508.046 only applies to inmates convicted of certain sexual offenses or who are required under section 508.145(c) of the government code to serve 35 calendar years before becoming eligible for release on parole. *Id.* § 508.045(a) (West 2004). The Board's position is that Enriquez and other inmates who were convicted of a capital felony and whose offenses were committed before the effective date of the current version of section 508.046 are governed by a prior version of the statute. *See* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.01, sec. 508.046, 1997 Tex. Gen. Laws 327, 418, *amended by* Act of May 25, 2005, 79th Leg., R.S., ch. 787, § 3, sec. 508.046, 2005 Tex. Gen. Laws 2705, 2705 (deleting reference to inmates convicted of capital felonies); *see also* Act of May 25, 2005,

---

[1] On April 25, 1966, Enriquez "shot to death his girlfriend, her father, her brother, a woman he abducted, and a Texas Highway Patrolman," and on October 19, 1966, he was convicted of "capital murder of . . . the abductee . . . ." *Enriquez v. Procunier*, 752 F.2d 111, 113 (5th Cir. 1984) (federal habeas proceeding). The jury imposed the death penalty for the capital murder of the abductee. *Id.* In four other proceedings, Enriquez pled guilty to murder and received three concurrent 99-year sentences and one 25-year sentence. *Id.* Enriquez submitted evidence that those four offenses were later discharged.

79th Leg., R.S., ch. 787, § 17, 2005 Tex. Gen. Laws 2705, 2709 (making amendments applicable solely to offenses committed after effective date and continuing effect of prior law for felonies committed before that date). The prior version required the "extraordinary vote" of two-thirds of the entire Board to parole "an inmate convicted of a capital felony." The Legislature removed the "capital felony" language from the extraordinary-vote provision when it changed the punishment for capital felonies and made life imprisonment without parole the mandatory alternative to the death penalty. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 787, § 1, sec. 12.31, 2005 Tex. Gen. Laws 2705, 2705.

Among other claims, Enriquez asserted that this parole review by the full Board violated his equal-protection rights. Enriquez predicates his equal-protection claim on the allegation that as of April 7, 2006, the date he filed his case, he was the only inmate convicted of murder with malice whose death sentence had been commuted after *Furman* to whom the extraordinary-vote provision had been applied.

Enriquez sought the Board's confidential records concerning twenty-four inmates that he asserted were "similarly situated" to him because they were convicted of murder with malice and their sentences had been commuted after *Furman*. The records he sought included minutes of the Board's meetings and Texas Department of Criminal Justice ("TDCJ") commitment inquiry data, with identifying details for each inmate. The district court ordered Owens to produce the records, but to submit for in camera review any portions of the records that Owens claimed were privileged or confidential by law and to serve Enriquez with a privilege log. Owens submitted the board minutes and commitment inquiry data to the district court for in camera review and produced a chart

3

to Enriquez containing the information in the documents in a randomized format. The chart lists inmates in random order, without any identifying information, and indicates whether each inmate was convicted of murder with malice, whether his sentence was commuted from death to life in prison under *Furman*, and whether he is reviewed by the full panel under section 508.046, like Enriquez, or by a three-member panel under section 508.045. According to the chart, at least six offenders similarly situated to Enriquez—i.e., convicted of murder with malice under the former penal code and having sentences commuted from death to life after *Furman*—are reviewed for parole under section 508.046. After the district court received the documents for in camera review, it informed the parties that it would retain them for use with future motions to which they would be relevant. The court later ordered the confidential documents sealed and filed them with the district clerk.

When Owens filed her summary-judgment motion, she attached the chart and the sealed documents as Exhibits A and B. Enriquez filed a response to Owens's summary-judgment motion, objections to Owens's summary-judgment evidence, and his own "no-evidence" summary-judgment motion on his equal-protection claim. After a hearing, the district court overruled the objections Enriquez had asserted to Exhibits A and B and allowed Owens to amend an affidavit, attached as Exhibit C to her motion, to remedy a procedural defect regarding the witness's personal knowledge. After Owens amended this affidavit, the court overruled Enriquez's objections to it. The court granted Owens's summary-judgment motion, denied Enriquez's, and rendered final judgment that Enriquez take nothing on his claims.

This appeal followed.

## ANALYSIS

Enriquez's first four issues challenge the district court's grant of Owens's summary-judgment motion on his equal-protection claim. In his fifth issue, Enriquez complains that the district court erred by denying his "no-evidence" summary-judgment motion on his equal-protection claim. And in his two final issues, Enriquez argues that the district court erred in its disposition of his motion for new trial.[2]

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Where, as here, the parties filed overlapping cross-motions for summary judgment, we review both sides' summary-judgment evidence, determine all questions presented, and "render the judgment that the trial court should have rendered." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). When the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm summary judgment if any of the summary-judgment grounds are meritorious. *Id.* at 872-73.

---

[2] Although Enriquez asserted other claims below, he has not presented issues or argument challenging the district court's summary judgment regarding any claims other than his equal-protection claims.

5

**Summary judgment**

In his first issue, Enriquez argues that Owens's summary-judgment motion did not expressly present the "grounds" on which it was based, as required by Texas Rule of Civil Procedure 166a(c). *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340-42 (Tex. 1993). Enriquez seems to complain that Owens's motion did not use the word "grounds" to describe or list "the reasons entitling the movant to summary judgment." *See id.* at 339 n.2. We disagree that Owens's motion failed to state her grounds. Owens stated in her motion that she was entitled to judgment as a matter of law for six reasons: (1) Enriquez had not overcome Owens's entitlement to official, qualified, and Eleventh Amendment immunities; (2) Enriquez had not stated a claim for an ex post facto violation; (3) Enriquez could not bring a "class of one" equal-protection claim about parole issues because he could not demonstrate disparate treatment or ill will on Owens's part; (4) Enriquez had not shown that his equal-protection rights had been violated because other similarly situated offenders were also being reviewed for parole under the extraordinary-vote provision; (5) Enriquez had not shown that Owens had any personal involvement in the alleged equal-protection violation because the classification and records department of the TDCJ decides who will be reviewed under the extraordinary-vote provision; and (6) compensatory damages for mental or emotional injuries are non-recoverable under the Prison Litigation Reform Act. Owens's motion satisfied Rule 166a(c). *See id.* at 341; *Luna v. Runyon*, No. 03-06-00615-CV, 2008 WL 2609171, at *3 (Tex. App.—Austin 2008, pet. denied) (mem. op.). We overrule Enriquez's first issue.

In his second issue, Enriquez contends that the district court erred by granting summary judgment because Owens's motion was not supported by "competent" summary-judgment

6

evidence. In particular, he complains about the exhibits to Owens's motion: the chart describing other inmates subject to the extraordinary-vote provision (Exhibit A); sealed parole board minutes and TDCJ data commitment information sheets (Exhibit B); an affidavit, attached as Exhibit C, from Carlos Valdez, a TDCJ employee in the agency's classification and records department; and a copy of Board of Pardons and Paroles directive 04-06.02, attached as Exhibit D.

On appeal, Enriquez complains that Exhibit A, the chart of inmate information, is inadmissible because it is not accompanied by an affidavit or an averment in the motion authenticating the chart or its contents. He also complains that Exhibit B may not be considered as summary-judgment evidence because it was an "ex parte communication" since it was filed in camera and never provided to Enriquez or filed with the district clerk.[3] But the only objection that Enriquez raised to the district court regarding both Exhibit A and Exhibit B was the lack of an affidavit from the records custodian to prove up the documents under the business-records exception to the hearsay rule. *See* Tex. R. Evid. 803(6). By failing to object to the district court about the alleged lack of authenticity of Exhibit A, he has waived his complaint. *See* Tex. R. Civ. P. 166a(f); Tex. R. App. P. 33.1; *see also Watts v. Hermann Hosp.*, 962 S.W.2d 102, 105 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (waived authentication objection). Nor has Enriquez reasserted his complaint about the lack of a business-records affidavit on appeal.[4] *See* Tex. R. App. P. 38.1.

---

[3] Enriquez is incorrect that Exhibit B is an "ex parte communication." The district court ordered that Exhibit B be sealed because the records are confidential under section 508.313 of the government code. Exhibit B is part of the appellate record.

[4] But we note that Owens submitted business-records affidavits with Exhibit B for in camera review, and these documents are part of the sealed exhibit.

7

To the extent that Enriquez's assertions below could be construed as an objection to the court's in camera review of summary-judgment evidence, we conclude he cannot show harm based on this review. *See* Tex. R. App. P. 44.1(a); *see also Enriquez I*, 2010 WL 1507821, at *4. Enriquez had access to both the pertinent information about the other inmates' review status, which was reflected in the compilation in Exhibit A, and to copies of the documents, which he obtained through a third party who requested and received copies of the records from the Board.[5] *See Enriquez I*, 2010 WL 1507821, at *4. We overrule Enriquez's contentions regarding Exhibits A and B.

To prevail on his "class of one" equal-protection claim, Enriquez had the burden of proving that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). We need not reach Enriquez's contentions regarding Exhibits C and D because even if they were excluded, Exhibit A, like Exhibit B, establishes that Enriquez has not been treated differently from others who are similarly situated, thereby negating an essential element of his equal-protection claim. Enriquez was convicted of murder with malice, and his sentence later was commuted from death to life in prison under *Furman v. Georgia*. Exhibit A (the chart provided to Enriquez) shows and Exhibit B confirms that at least six similarly situated offenders—convicted of murder with malice and having sentences commuted from death to life after *Furman*—are also

---

[5] Section 508.313 makes the requested inmate information confidential as to "an inmate of the institutional division subject to release on parole," like Enriquez, *see* Tex. Gov't Code Ann. § 508.313 (West 2004), but the Board may release the information to others not covered by the statute.

reviewed for parole under the extraordinary-vote provision of section 508.046. Enriquez has failed to raise a genuine issue of material fact on the question of whether the extraordinary-vote provision has been applied to other similarly situated inmates. Summary judgment was therefore appropriate on Enriquez's equal-protection claim. We overrule Enriquez's second issue. Our holding is also dispositive of Enriquez's fifth issue, in which he contends that the district court erred in failing to grant his "no-evidence" summary-judgment motion.

**Enriquez's arguments regarding Owens's authority**

In his third and fourth issues, Enriquez challenges the district court's grant of summary judgment on what he asserts was a claim that Owens "did not have authority to exclude him from the statutory norm parole eligibility for his offense" because Owens's motion did not address the claim and related fact issues exist. Enriquez never pled such a claim. We overrule Enriquez's third and fourth issues.

**Enriquez's motion for new trial**

In Enriquez's sixth and seventh issues, he challenges the district court's denial of an evidentiary hearing on his motion for new trial and its denial of his motion for new trial. We review the district court's denial of a motion for new trial for abuse of discretion. *See Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987). All but one of the grounds in the motion duplicate the issues that we have addressed above and in *Enriquez I*. The one exception is a claim by Enriquez based on "new evidence"—parole board records that he asserts show disparate treatment of similarly

9

situated inmates. However, the evidence is largely duplicative of other evidence in the record, which we have already concluded shows no disparate treatment of other similarly situated inmates.

Because we conclude that the purportedly "new" evidence does not raise a material fact issue on Enriquez's equal-protection claim, we find that Enriquez cannot show harm based on the district court's failure to grant an evidentiary hearing. *See State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 452-53 (Tex. 1997) (holding no reversible error when appellate court did not remand for new trial based on new evidence because no showing that new evidence would likely result in different verdict). We overrule Enriquez's sixth and seventh issues.

## CONCLUSION

Having overruled Enriquez's issues, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   July 9, 2010

10