TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00309-CV






Juan Enriquez, Appellant


v.


Rissie Owens, Individually, and in Her Official Capacity as Chairman,

Texas Board of Pardons and Paroles, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-06-001219, HONORABLE RHONDA HURLEY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Juan Enriquez, an inmate in the Texas Department of Corrections, appeals from
a final summary judgment on claims he asserted against appellee Rissie Owens, individually and
in her official capacity as chairman of the Texas Board of Pardons and Paroles ("Owens"). In
seven issues on appeal, Enriquez argues that the district court erred in granting summary judgment
for Owens, denying his "no-evidence" summary judgment, and denying his motion for new trial. 
We will affirm the judgment.


BACKGROUND

 The underlying facts are described in the Court's prior opinion in a previous appeal
by Enriquez arising out of the same case. See Enriquez v. Owens, No. 03-09-00237-CV,
2010 WL 1507821 (Tex. App.--Austin Apr. 14, 2010, no pet. h.) (mem. op.) ("Enriquez I"). As we
explained in Enriquez I, Enriquez was convicted of murder with malice in 1968 and sentenced to
death. (1) Enriquez's sentence was commuted to life imprisonment after the statutory scheme under
which his capital punishment was imposed was declared unconstitutional under the 1972 Furman
v. Georgia decision.

 Enriquez complains in his suit that the Board of Pardons and Paroles improperly
reviewed him for parole under section 508.046 of the government code, the "extraordinary-vote"
provision, which requires a vote of two-thirds of the entire Board to release certain inmates on
parole. Tex. Gov't Code Ann. § 508.046 (West Supp. 2009). He asserts that instead he should have
been reviewed by a three-member panel because the current version of section 508.046 only applies
to inmates convicted of certain sexual offenses or who are required under section 508.145(c) of
the government code to serve 35 calendar years before becoming eligible for release on parole. Id.
§ 508.045(a) (West 2004). The Board's position is that Enriquez and other inmates who were
convicted of a capital felony and whose offenses were committed before the effective date of the
current version of section 508.046 are governed by a prior version of the statute. See Act of May 8,
1997, 75th Leg., R.S., ch. 165, § 12.01, sec. 508.046, 1997 Tex. Gen. Laws 327, 418, amended by
Act of May 25, 2005, 79th Leg., R.S., ch. 787, § 3, sec. 508.046, 2005 Tex. Gen. Laws 2705,
2705 (deleting reference to inmates convicted of capital felonies); see also Act of May 25, 2005,
79th Leg., R.S., ch. 787, § 17, 2005 Tex. Gen. Laws 2705, 2709 (making amendments applicable
solely to offenses committed after effective date and continuing effect of prior law for felonies
committed before that date). The prior version required the "extraordinary vote" of two-thirds of
the entire Board to parole "an inmate convicted of a capital felony." The Legislature removed
the "capital felony" language from the extraordinary-vote provision when it changed the punishment
for capital felonies and made life imprisonment without parole the mandatory alternative to the
death penalty. See Act of May 25, 2005, 79th Leg., R.S., ch. 787, § 1, sec. 12.31, 2005 Tex. Gen.
Laws 2705, 2705.

 Among other claims, Enriquez asserted that this parole review by the full Board
violated his equal-protection rights. Enriquez predicates his equal-protection claim on the allegation
that as of April 7, 2006, the date he filed his case, he was the only inmate convicted of murder with
malice whose death sentence had been commuted after Furman to whom the extraordinary-vote
provision had been applied.

 Enriquez sought the Board's confidential records concerning twenty-four inmates
that he asserted were "similarly situated" to him because they were convicted of murder with malice
and their sentences had been commuted after Furman. The records he sought included minutes of
the Board's meetings and Texas Department of Criminal Justice ("TDCJ") commitment inquiry data,
with identifying details for each inmate. The district court ordered Owens to produce the records,
but to submit for in camera review any portions of the records that Owens claimed were privileged
or confidential by law and to serve Enriquez with a privilege log. Owens submitted the board
minutes and commitment inquiry data to the district court for in camera review and produced a chart
to Enriquez containing the information in the documents in a randomized format. The chart lists
inmates in random order, without any identifying information, and indicates whether each inmate
was convicted of murder with malice, whether his sentence was commuted from death to life in
prison under Furman, and whether he is reviewed by the full panel under section 508.046,
like Enriquez, or by a three-member panel under section 508.045. According to the chart, at least
six offenders similarly situated to Enriquez--i.e., convicted of murder with malice under the former
penal code and having sentences commuted from death to life after Furman--are reviewed for
parole under section 508.046. After the district court received the documents for in camera review,
it informed the parties that it would retain them for use with future motions to which they would
be relevant. The court later ordered the confidential documents sealed and filed them with the
district clerk.

 When Owens filed her summary-judgment motion, she attached the chart and the
sealed documents as Exhibits A and B. Enriquez filed a response to Owens's summary-judgment
motion, objections to Owens's summary-judgment evidence, and his own "no-evidence" summary-judgment motion on his equal-protection claim. After a hearing, the district court overruled the
objections Enriquez had asserted to Exhibits A and B and allowed Owens to amend an affidavit,
attached as Exhibit C to her motion, to remedy a procedural defect regarding the witness's personal
knowledge. After Owens amended this affidavit, the court overruled Enriquez's objections to it. 
The court granted Owens's summary-judgment motion, denied Enriquez's, and rendered
final judgment that Enriquez take nothing on his claims.

 This appeal followed.


ANALYSIS

 Enriquez's first four issues challenge the district court's grant of Owens's summary-judgment motion on his equal-protection claim. In his fifth issue, Enriquez complains that the
district court erred by denying his "no-evidence" summary-judgment motion on his equal-protection
claim. And in his two final issues, Enriquez argues that the district court erred in its disposition of
his motion for new trial. (2)

 We review the district court's summary judgment de novo. Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003). A party moving for summary judgment must demonstrate
that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). Where,
as here, the parties filed overlapping cross-motions for summary judgment, we review both sides'
summary-judgment evidence, determine all questions presented, and "render the judgment that the
trial court should have rendered." FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872
(Tex. 2000). When the trial court's order granting summary judgment does not specify the grounds
relied upon, we must affirm summary judgment if any of the summary-judgment grounds are
meritorious. Id. at 872-73.



Summary judgment 

 In his first issue, Enriquez argues that Owens's summary-judgment motion did not
expressly present the "grounds" on which it was based, as required by Texas Rule of Civil Procedure
166a(c). See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 340-42 (Tex. 1993).
Enriquez seems to complain that Owens's motion did not use the word "grounds" to describe or list
"the reasons entitling the movant to summary judgment." See id. at 339 n.2. We disagree that
Owens's motion failed to state her grounds. Owens stated in her motion that she was entitled to
judgment as a matter of law for six reasons: (1) Enriquez had not overcome Owens's entitlement
to official, qualified, and Eleventh Amendment immunities; (2) Enriquez had not stated a claim for
an ex post facto violation; (3) Enriquez could not bring a "class of one" equal-protection claim about
parole issues because he could not demonstrate disparate treatment or ill will on Owens's part;
(4) Enriquez had not shown that his equal-protection rights had been violated because other similarly
situated offenders were also being reviewed for parole under the extraordinary-vote provision;
(5) Enriquez had not shown that Owens had any personal involvement in the alleged equal-protection
violation because the classification and records department of the TDCJ decides who will be
reviewed under the extraordinary-vote provision; and (6) compensatory damages for mental or
emotional injuries are non-recoverable under the Prison Litigation Reform Act. Owens's motion
satisfied Rule 166a(c). See id. at 341; Luna v. Runyon, No. 03-06-00615-CV, 2008 WL 2609171,
at *3 (Tex. App.--Austin 2008, pet. denied) (mem. op.). We overrule Enriquez's first issue.

 In his second issue, Enriquez contends that the district court erred by granting
summary judgment because Owens's motion was not supported by "competent" summary-judgment
evidence. In particular, he complains about the exhibits to Owens's motion: the chart describing
other inmates subject to the extraordinary-vote provision (Exhibit A); sealed parole board minutes
and TDCJ data commitment information sheets (Exhibit B); an affidavit, attached as Exhibit C, from
Carlos Valdez, a TDCJ employee in the agency's classification and records department; and a copy
of Board of Pardons and Paroles directive 04-06.02, attached as Exhibit D.

 On appeal, Enriquez complains that Exhibit A, the chart of inmate information,
is inadmissible because it is not accompanied by an affidavit or an averment in the motion
authenticating the chart or its contents. He also complains that Exhibit B may not be considered as
summary-judgment evidence because it was an "ex parte communication" since it was filed in
camera and never provided to Enriquez or filed with the district clerk. (3) But the only objection that
Enriquez raised to the district court regarding both Exhibit A and Exhibit B was the lack of an
affidavit from the records custodian to prove up the documents under the business-records exception
to the hearsay rule. See Tex. R. Evid. 803(6). By failing to object to the district court about the
alleged lack of authenticity of Exhibit A, he has waived his complaint. See Tex. R. Civ. P. 166a(f);
Tex. R. App. P. 33.1; see also Watts v. Hermann Hosp., 962 S.W.2d 102, 105 (Tex. App.--Houston
[1st Dist.] 1997, no pet.) (waived authentication objection). Nor has Enriquez reasserted his
complaint about the lack of a business-records affidavit on appeal. (4) See Tex. R. App. P. 38.1.

 To the extent that Enriquez's assertions below could be construed as an objection
to the court's in camera review of summary-judgment evidence, we conclude he cannot show
harm based on this review. See Tex. R. App. P. 44.1(a); see also Enriquez I, 2010 WL 1507821,
at *4. Enriquez had access to both the pertinent information about the other inmates' review status,
which was reflected in the compilation in Exhibit A, and to copies of the documents,
which he obtained through a third party who requested and received copies of the records from the
Board. (5) See Enriquez I, 2010 WL 1507821, at *4. We overrule Enriquez's contentions regarding
Exhibits A and B.

 To prevail on his "class of one" equal-protection claim, Enriquez had the burden
of proving that he has been intentionally treated differently from others similarly situated and that
there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S.
562, 564 (2000) (per curiam). We need not reach Enriquez's contentions regarding Exhibits C and
D because even if they were excluded, Exhibit A, like Exhibit B, establishes that Enriquez has not
been treated differently from others who are similarly situated, thereby negating an essential element
of his equal-protection claim. Enriquez was convicted of murder with malice, and his sentence later
was commuted from death to life in prison under Furman v. Georgia. Exhibit A (the chart provided
to Enriquez) shows and Exhibit B confirms that at least six similarly situated offenders--convicted
of murder with malice and having sentences commuted from death to life after Furman--are also
reviewed for parole under the extraordinary-vote provision of section 508.046. Enriquez has failed
to raise a genuine issue of material fact on the question of whether the extraordinary-vote provision
has been applied to other similarly situated inmates. Summary judgment was therefore appropriate
on Enriquez's equal-protection claim. We overrule Enriquez's second issue. Our holding is also
dispositive of Enriquez's fifth issue, in which he contends that the district court erred in failing to
grant his "no-evidence" summary-judgment motion. 


Enriquez's arguments regarding Owens's authority 

 In his third and fourth issues, Enriquez challenges the district court's grant of
summary judgment on what he asserts was a claim that Owens "did not have authority to exclude
him from the statutory norm parole eligibility for his offense" because Owens's motion did not
address the claim and related fact issues exist. Enriquez never pled such a claim. We overrule
Enriquez's third and fourth issues.


Enriquez's motion for new trial

 In Enriquez's sixth and seventh issues, he challenges the district court's denial of
an evidentiary hearing on his motion for new trial and its denial of his motion for new trial. We
review the district court's denial of a motion for new trial for abuse of discretion. See Cliff
v. Huggins, 724 S.W.2d 778, 778 (Tex. 1987). All but one of the grounds in the motion duplicate
the issues that we have addressed above and in Enriquez I. The one exception is a claim by Enriquez
based on "new evidence"--parole board records that he asserts show disparate treatment of similarly
situated inmates. However, the evidence is largely duplicative of other evidence in the record, which
we have already concluded shows no disparate treatment of other similarly situated inmates.

 Because we conclude that the purportedly "new" evidence does not raise a material
fact issue on Enriquez's equal-protection claim, we find that Enriquez cannot show harm based
on the district court's failure to grant an evidentiary hearing. See State Farm Lloyds v. Nicolau,
951 S.W.2d 444, 452-53 (Tex. 1997) (holding no reversible error when appellate court did not
remand for new trial based on new evidence because no showing that new evidence would likely
result in different verdict). We overrule Enriquez's sixth and seventh issues. 

 

CONCLUSION

 Having overruled Enriquez's issues, we affirm the district court's judgment. 


 

 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: July 9, 2010


1. On April 25, 1966, Enriquez "shot to death his girlfriend, her father, her brother, a woman
he abducted, and a Texas Highway Patrolman," and on October 19, 1966, he was convicted of
"capital murder of . . . the abductee . . . ." Enriquez v. Procunier, 752 F.2d 111, 113 (5th Cir. 1984)
(federal habeas proceeding). The jury imposed the death penalty for the capital murder of the
abductee. Id. In four other proceedings, Enriquez pled guilty to murder and received three
concurrent 99-year sentences and one 25-year sentence. Id. Enriquez submitted evidence that those
four offenses were later discharged. 
2. Although Enriquez asserted other claims below, he has not presented issues or argument
challenging the district court's summary judgment regarding any claims other than his equal-protection claims.
3. Enriquez is incorrect that Exhibit B is an "ex parte communication." The district court
ordered that Exhibit B be sealed because the records are confidential under section 508.313 of the
government code. Exhibit B is part of the appellate record.
4. But we note that Owens submitted business-records affidavits with Exhibit B for in camera
review, and these documents are part of the sealed exhibit.
5. Section 508.313 makes the requested inmate information confidential as to "an inmate of
the institutional division subject to release on parole," like Enriquez, see Tex. Gov't Code Ann.
§ 508.313 (West 2004), but the Board may release the information to others not covered by
the statute.