# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00017-CV

**Juan Enriquez, Appellant**

**v.**

**The Honorable Rhonda Hurley, Individually and in her Official Capacity;
The Honorable Scott H. Jenkins, Individually and in his Official Capacity;
The Honorable Stephen Yelenosky, Individually and in his Official Capacity;
The Honorable Gisela D. Triana-Doyal, Individually and in her Official Capacity;
The Honorable Darlene Byrne, Individually and in her Official Capacity;
The Honorable Suzanne Covington, Individually and in her Official Capacity;
The Honorable Lora Livingston, Individually and in her Official Capacity;
The Honorable John K. Dietz, Individually and in his Official Capacity; and
The Honorable Margaret A. Cooper, Individually and in her Official Capacity, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-09-002055, HONORABLE BRENDA CHAPMAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This appeal involves claims peripheral to *Enriquez v. Owens*, No. D-1-GN-06-001219

(345th Dist. Ct., Travis County, Tex. Apr. 24, 2009) ("*Owens*"). In *Owens*, Juan Enriquez—an

inmate and repeat litigant[1]—asserted causes of action centering on his lack of success in obtaining

---

[1] Enriquez was convicted of murder with malice in 1968 and sentenced to death after he "shot to death his girlfriend, her father, her brother, a woman he abducted, and a Texas Highway Patrolman." *Enriquez v. Procunier*, 752 F.2d 111, 113 (5th Cir. 1984) (federal habeas proceeding). The jury imposed the death penalty for the capital murder of the abductee. *Id.* In four other proceedings, Enriquez pled guilty to murder and received three concurrent 99-year sentences and one 25-year sentence. *Id.* Enriquez's death sentence was commuted to life imprisonment after the statutory scheme under which his capital punishment was imposed was declared unconstitutional

parole. After he was unsuccessful in litigating these claims in the district court, Enriquez appealed, and we affirmed. *See Enriquez v. Owens*, No. 03-09-00237-CV, 2010 WL 1507821 (Tex. App.—Austin Apr. 14, 2010, no pet.) (mem. op.) ("*Enriquez I*") and *Enriquez v. Owens*, No. 03-09-00309-CV, 2010 WL 2698764 (Tex. App.—Austin July 9, 2010, no pet. h.) (mem. op.) ("*Enriquez II*"). Meanwhile, Enriquez also brought a separate suit against appellees, all of whom are judges who presently preside or formerly presided over Travis County district courts that exercise civil jurisdiction. Enriquez challenged the legality of the Local Rules of Civil Procedure for the District Courts of Travis County, Texas, and sought declaratory and injunctive relief, as well as damages and attorneys' fees. Appellees moved to dismiss under chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). The district court (with an out-of-county visiting judge presiding) granted appellees' motion to dismiss without stating the grounds. Enriquez appeals the judgment of dismissal. We will affirm the judgment.

We need go no farther than to observe that, as appellees point out, Enriquez has not challenged each of several alternative bases on which they sought dismissal under chapter 14. Appellees asserted five grounds for dismissal: (1) Enriquez had filed a false declaration disclosing his prior pro se litigation (he identified only three prior suits, yet he has filed at least eighteen others), *see id.* §§ 14.003(a)(3), 14.004; (2) Enriquez's suit constituted an impermissible collateral attack on the district court's prior judgment in *Owens*; (3) absolute judicial immunity barred Enriquez's claims for monetary relief; (4) Enriquez had failed to state a claim with arguable legal merit for

---

under the 1972 *Furman v. Georgia* decision. *Enriquez v. Owens*, No. 03-09-00309-CV, 2010 WL 2698764, at *1 (Tex. App.—Austin July 9, 2010, no pet. h.) (mem. op.).

declaratory or injunctive relief, *see id.* § 14.003(b)(2); and (5) Enriquez had failed to state a claim with arguable legal merit for monetary relief. On appeal, Enriquez challenges only three of these grounds: (1) that judicial immunity barred his claims for monetary relief, (2) that he failed to state a claim with arguable legal merit for declaratory or injunctive relief, and (3) that he failed to state a claim with arguable legal merit for monetary relief.[2] Enriquez fails to challenge the other two grounds raised by the motion—appellees' contentions that he filed a false declaration in violation of section 14.003(a)(3) and that his suit constituted an impermissible collateral attack on a prior judgment.

When, as here, a complained-of ruling or judgment rests on general grounds, the appellant must attack all independent bases or grounds that fully support the ruling or judgment. *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423-24 (Tex. App.—Dallas 2009, no pet.) (citing *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). If he does not, then we must affirm the ruling or judgment. *Britton*, 95 S.W.3d at 681. This is so because we accept the validity of an unchallenged independent ground, and if that ground fully supports the judgment, any error as to other grounds would be harmless. *Id.*

---

[2] Enriquez contends in his first four issues that an arguable basis in law exists for his claims that the local rules violate his state and federal rights of access to the courts, the Texas Constitution's open courts provision, the equal protection provisions of the state and federal constitutions, and that appellees are acting beyond their authority in the way they apply the local rules. In his remaining four issues, he challenges whether appellees are immune from judgment when adopting and enforcing the local rules; whether the district court erred by finding that appellees' adopting the local rules is an inherently judicial act, not an administrative one; whether the district court had discretion to find that Enriquez had no standing to pursue his claims; and whether the district court erred by dismissing his case with prejudice under chapter 14 because the dismissal should not prejudice filing a paid complaint making the same allegations.

The unchallenged false-declaration and collateral-attack grounds each independently support the district court's judgment dismissing Enriquez's claims against appellees. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003(a)(3), .004(a); *White v. State*, 37 S.W.3d 562, 565 (Tex. App.—Beaumont 2001, no pet.) (affirming dismissal of suit for failure to comply with section 14.004); *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) ("In general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void" and may not be collaterally attacked.). Consequently, we must affirm on these grounds regardless of whether Enriquez's appellate issues are meritorious. Accordingly, we overrule Enriquez's issues without reaching their merits[3] and affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: August 20, 2010

---

[3] Nor do we reach several alternative arguments appellees advocate for affirming the judgment.