United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-50425
Summary Calendar

JUAN RUDY ENRIQUEZ,

Plaintiff-Appellant,

versus

A. M. STRINGFELLOW; JAMES PAUL KIEL, JR.,

Defendant-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(A-02-CV-261-JN)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Rudy Enriquez, Texas prisoner number 227122, appeals, *pro se*, the FED. R. CIV. P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action by which Enriquez challenged Texas Board of Pardons and Paroles' procedures on due process and equal protection grounds. (Enriquez' motion for appointment of counsel is **DENIED**.)

A Rule 12(b)(6) dismissal is reviewed *de novo*. *E.g., McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1995).  As a Texas prisoner, Enriquez is precluded from complaining that the procedures used to determine his parole eligibility were unconstitutional.  *See* **Johnson v. Rodriguez**, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997).  **Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't**, 37 F.3d 166 (5th Cir. 1994), did not call into question the long-standing rule later iterated in **Johnson** that Texas prisoners have no protected liberty interest in parole and, therefore, cannot challenge the constitutionality of review procedures attendant to parole decisions; the issue was not raised in that case.

The absence of a protected liberty interest in release on parole does not, however, preclude an equal protection claim. **Sandin v. Conner**, 515 U.S. 472, 487 n.11 (1995).  Nevertheless, Enriquez does not raise the equal protection claim in his brief; that issue is abandoned.  *E.g.,* **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

*AFFIRMED; MOTION DENIED*