# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-SA-00392-COA

**MARSHALL PHILLIPS**                                        **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                               **APPELLEES**
**CORRECTIONS AND DIRECTOR OF**
**RECORDS KEVIN JACKSON**

DATE OF JUDGMENT:            03/25/2022
TRIAL JUDGE:                 HON. MARGARET CAREY-McCRAY
COURT FROM WHICH APPEALED:   SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MARSHALL PHILLIPS (PRO SE)
ATTORNEYS FOR APPELLEES:     OFFICE OF THE ATTORNEY GENERAL
                             BY: TABATHA AMANDA-FAYE BAUM
                                 WILLIAM R. COLLINS
NATURE OF THE CASE:          CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                 AFFIRMED - 10/03/2023
MOTION FOR REHEARING FILED:

**EN BANC.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Marshall Phillips filed a request to be granted parole eligibility through the

Mississippi Department of Corrections' (MDOC) Administrative Remedies Program (ARP).

When MDOC denied him relief, Phillips sought judicial review of the decision in the Circuit

Court of Sunflower County, Mississippi. After the circuit court denied him relief, Phillips

appealed, and the case was assigned to this Court.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 26, 2021, Phillips filed a request for an administrative remedy through the

ARP. The director of the ARP acknowledged acceptance of Phillips' request on July 29,

2021. In this request, Phillips stated that MDOC had given him a parole date but then "took it back." He argued that a "new law" made all armed robbery convictions eligible for parole. He requested that his parole date be restored.

¶3.     On September 1, 2021, a "First Step Response Form" informed Phillips of MDOC's response to his request. It stated that "your parole date was removed because your sentencing order (8586) states that the defendant shall not be eligible for parole or probation during the term of said sentence." Phillips signed the form on September 16, 2021, and indicated that he was not satisfied with the response and wished to proceed to "Step Two." In an attachment to the form, Phillips stated the sentencing judge had only quoted the law that was in effect at that time. He argued that the Mississippi Legislature had since amended the law to provide  for him to have parole eligibility after serving sixty percent of his sentence. He again asked that his parole date be reinstated. In this response, he also concluded by stating, "Please don't violate my 14th amendment rights as well as others."

¶4.     On October 14, 2021, a "Second Step Response Form" advised Phillips that the new law, 2021 Miss. Laws ch. 479, § 2 (S.B. 2795), "didn't make armed robbery committed from 10/1/1994 to 6/30/1995 eligible for a parole date." On November 1, 2021, Phillips signed the Second Step Response Form acknowledging that he had thirty days to seek judicial review of MDOC's decision concerning his parole eligibility.

¶5.     On November 22, 2021, Phillips' petition for judicial review of MDOC's ARP decision was filed in the Sunflower County Circuit Court pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015). This appeal was based on the record made before

MDOC in the two-step ARP process. In his petition to the circuit court, Phillips stated that on February 17, 1995, he was sentenced to serve thirty years for armed robbery and twenty years for aggravated assault, with the terms set to run concurrently. He contended that pursuant to Senate Bill 2795, Mississippi Code Annotated section 47-7-3 (Supp. 2020) was amended in 2021 to allow persons convicted of armed robbery to be eligible for parole. He argued that MDOC's interpretation of the new law denying parole eligibility to persons sentenced for armed robbery between October 1, 1994, and June 30, 1995, was "arbitrary and capricious, and therefore violat[ed] the petitioner's constitutional rights, 14th amendment, due process and equal protection under the law." He argued that the statutory amendment made him eligible for parole after serving sixty percent of his sentence, regardless of the date of his conviction.

¶6.    MDOC filed a response to the petition on February 23, 2022. A true and correct copy of the administrative record was attached to the response. The record shows that Phillips committed armed robbery on November 18, 1994, and was sentenced on February 17, 1995. Under the law in effect at that time, as stated in the sentencing order, Phillips was not eligible for parole. *See* Miss. Code Ann. § 97-3-79 (Rev. 1994); *id*. § 47-7-3(1)(d) (Supp. 1994). In its response, MDOC points to section 47-7-3(1)(h)(i) (Supp. 2021), effective as of July 1, 2021, that makes offenders who committed armed robbery after June 30, 1995, eligible for parole after serving sixty percent of their sentence. Because Phillips was sentenced for an armed robbery that occurred before June 30, 1995, MDOC found that he was not eligible for parole pursuant to the new law.

¶7. In his rebuttal to MDOC's response, Phillips admitted that the prior law prohibited his release on parole. However, he argued that denying him the benefit of the new law because he was sentenced before July 1, 1995, violated his 14th Amendment rights and denied him equal protection under the law.

¶8. On March 25, 2022, the circuit court entered its "Order Denying Petitioner's Motion for Judicial Review of Administrative Agency." In this order, the trial court found that on February 17, 1995, Phillips had been sentenced in the Coahoma County Circuit Court (Case No. 8586) to serve a term of thirty years in custody for armed robbery (Count I) and to serve a term of twenty years in custody for aggravated assault (Count II). The court further found that at the time of his sentencing, Phillips was not eligible for parole on the armed robbery conviction. In the court's interpretation of the new statute, § 47-7-3 (Supp. 2021), the court found that Phillips remained ineligible for parole for his armed robbery conviction that occurred before July 1, 1995. The court further found that because Phillips' conviction made him ineligible for parole, he could not accrue trusty or earned time. Because the court found that Phillips' timesheet was correct, the court denied his motion for judicial review. Phillips now appeals.

**STANDARD OF REVIEW**

¶9. Our standard of review for appeals from a circuit court's ruling in cases arising from judicial reviews of an administrative agency's decision, pursuant to section 47-5-807, is set forth in *Hooghe v. Shaw*, 332 So. 3d 341, 345 (¶12) (Miss. Ct. App. 2021):

> "This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts." *Roberson v. Fisher*, 303 So.

4

3d 788, 790 (¶8) (Miss. Ct. App. 2020), *cert. denied*, 303 So. 3d 420 (Miss. 2020). "We look to see whether the circuit court exceeded its authority, bearing in mind that a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action." *Id*. "The court examines whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id*. (internal quotation mark omitted). "Whether the circuit court has jurisdiction is a question of law and is reviewed de novo." *Id*.

## ANALYSIS

¶10. The circuit court found that MDOC had correctly determined Phillips was not eligible for parole. Effective July 1, 2021, section 47-7-3(1)(h)(i) reads in part:

**Offenders eligible for parole consideration for offenses committed after June 30, 1995.** Except as provided in paragraphs (a) through (g) of this subsection, offenders may be considered eligible for parole release as follows:

1. **Nonviolent crimes**. All persons sentenced for a nonviolent offense shall be eligible for parole only after they have served twenty-five percent (25%) or ten (10) years, whichever is less, of the sentence or sentences imposed by the trial court. For purposes of this paragraph, "nonviolent crime" means a felony not designated as a crime of violence in Section 97-3-2.

2. **Violent crimes**. A person who is sentenced for a violent offense as defined in Section 97-3-2, except robbery with a deadly weapon as defined in Section 97-3-79, drive-by shooting as defined in Section 97-3-109, and carjacking as defined in Section 97-3-117, shall be eligible for parole only after having served fifty percent (50%) or twenty (20) years, whichever is less, of the sentence or sentences imposed by the trial court. Those persons sentenced for robbery with a deadly weapon as defined in Section 97-3-79, drive-by shooting as defined in Section 97-3-109, and carjacking as defined in Section 97-3-117, shall be eligible for parole only after having served sixty percent (60%) or twenty-five (25) years, whichever is less, of the sentence or sentences imposed by the trial court.

5

Clearly, the provision for parole eligibility for armed robbery convictions applies only to those offenses committed after June 30, 1995. Presiding Judge Wilson's dissent takes issue with this statement and argues that it is "not perfectly clear" that this first sentence controls the remainder of section 47-7-3(1)(h)(i). We disagree and point out that this Court recently stated in *Pickle v. State*, No. 2022-CP-00929-COA, 2023 WL 4879473, at *3 (¶14) (Miss. Ct. App. 2023), which is subject to a motion for rehearing currently pending before this Court:

> **[T]he parole statute has been amended to include parole eligibility for not only certain nonviolent crimes but also certain violent crimes and nonviolent and nonhabitual drug offenses. See Miss. Code Ann. § 47-7-3(1)(h)(i). However, parole eligibility under subsection (1)(h)(i) is also limited to offenses committed after June 30, 1995.**

(Emphasis added).

¶11. According to the law in effect at the applicable time (and pursuant to the trial court's sentencing order), Phillips was not eligible for parole for his armed robbery conviction. The 2021 amendment to the parole statute set forth above, upon which Phillips' argument is based, clearly does not apply to his armed robbery conviction, which occurred before June 30, 1995. Accordingly, the circuit court did not err by affirming MDOC's interpretation and application of this statute as it relates to Phillips.

¶12. As for Phillips' claim that the new statute violates his Equal Protection rights, we find that Phillips' challenge to the constitutionality of the statute was not properly before MDOC in his ARP process. In *Cascio v. Cascio Investments LLC*, 327 So. 3d 59, 78 (¶55) (Miss. 2021), the supreme court stated:

It is a well-settled rule that the "constitutionality of a statute will not be considered **unless the point is specifically pleaded**." *Estate of Gibson v. Magnolia Healthcare, Inc.*, 91 So. 3d 616, 632 (Miss. 2012) (internal quotation marks omitted) (quoting *Smith v. Fluor Corp.*, 514 So. 2d 1227, 1232 (Miss. 1987)). "[*T*]*his Court has also consistently held that errors raised for the first time on appeal will not be considered*, especially where constitutional questions are concerned." *Id*. at 632 . . . (internal quotation marks omitted) (quoting *Stockstill v. State*, 854 So. 2d 1017, 1023 (Miss. 2003)). This Court will depart from that rule only in 'unusual circumstances,' which are not present in this case." *Id*. at 632 (quoting *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 360 (Miss. 2004)). Thus, this issue is procedurally barred on appeal.

(Emphasis added).

¶13.  Phillips' initial filing with MDOC's ARP did not plead any constitutional violation. In the second step of the ARP process, Phillips only stated, "Please don't violate my 14th amendment rights as well as others." In his filings in the ARP process, Phillips did not "specifically" plead section 47-7-3(1)(h)(i) is unconstitutional. Therefore, Phillips' constitutional challenge was not properly before MDOC during the ARP process.[1]

¶14.  When Phillips sought judicial review of MDOC's decision pursuant to section 47-5-807, he first raised the claim that the new statute violated his rights to equal protection and due process of law. As stated in *Cascio*, this constitutional issue, raised for the first time on appeal, is procedurally barred.

¶15.  Further, Phillips did not properly serve the Attorney General with notice of his attack of the constitutionality of the statute, as required by Mississippi Rule of Civil Procedure

---

[1] While Phillips cites no authority that would allow him to challenge the constitutionality of a statute in the ARP process, we do not need to address that question because of the procedural deficiencies.

24(d) and likely Mississippi Rule of Appellate Procedure 44(a).[2] Although MDOC was represented by a special assistant attorney general in the appeal process, the notice was insufficient. The Mississippi Supreme Court has addressed the requirements of civil Rule 24(d) and appellate Rule 44(a) under similar circumstances in *Oktibbeha County Hospital v. Mississippi State Department of Health*, 956 So. 2d 207, 210-11 (¶¶13-16) (Miss. 2007):

> The Mississippi State Department of Health counters that OCH is procedurally barred from raising these constitutional issues pursuant to Rule 24(d) of the Mississippi Rules of Civil Procedure. Under that section, where an action seeks to "restrain or enjoin enforcement, operation, or execution of any statute of the State of Mississippi" by challenging the constitutionality, the party asserting the unconstitutionality "shall notify the Attorney General of the State of Mississippi within such time as to afford him [or her] an opportunity to intervene and argue the question of constitutionality." The Department of Health notes that the Attorney General was not notified and, therefore, this defense is procedurally barred. In response, OCH contends that because a special assistant attorney general represented the State Department of Health, the Attorney General thereby had notice and OCH has complied with Rule 24(d).
>
> The notice requirement of Rule 24(d) is strenuous. We have procedurally barred previous challenges to the constitutionality of a statute because of a party's failure to notify the Attorney General of the constitutional attack. *See Powers v. Tiebauer*, 939 So. 2d 749, 754-55 (Miss. 2005) (sending Attorney General the appellate brief per Miss. R. App. P. 44 was not sufficient notice under Miss. R. Civ. P. 24(d)); *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 360 (Miss. 2004) (holding that constitutional claims are procedurally barred when notice is not provided to the Attorney General); *Pickens v. Donaldson*, 748 So. 2d 684, 691-92 (Miss. 1999) (same); *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 202-03 (Miss. 1999) (same).

---

[2] Judge McDonald's dissent cites *Jobe v. State*, 288 So. 3d 403 (Miss. Ct. App. 2019), to support that an appeal made pursuant to section 47-5-807 requires that only the Attorney General be given notice of the intent to appeal. We agree that is the general rule. However, as noted above, Phillips did not raise his constitutional challenge to the statute in his ARP proceedings. Accordingly, we find that this issue could not be raised for the first time on appeal, as stated in *Cascio*. Further, we cite these rules as a secondary reason that the constitutionality of the new statute was not properly before the circuit court on appeal.

Similarly, Rule 44(a) of the Mississippi Rules of Appellate Procedure requires service of any appellate brief challenging the validity of a statute "on the Attorney General, the city attorney, or other chief legal officer of the governmental body involved." Miss. R. App. P. 44(a). That Rule further states:

> Except by special order of the court to which the case is assigned, in the absence of such notice neither the Supreme Court nor the Court of Appeals will decide the question until the notice and right to respond contemplated by this rule has been given to the appropriate governmental body.

Miss. R. App. P. 44(c).

Here, OCH *did not comply with either Rule. Supposed "notice" to the special assistant attorney general is not sufficient under Mississippi Rule of Civil Procedure 24(d) or Mississippi Rule of Appellate Procedure 44. To comply with these rules, a party challenging the constitutionality of a legislative enactment must serve a copy of his or her brief on the Attorney General.* Miss. R. Civ. P. 24(d); Miss. R. App. P. 44(a). Thus, the Oktibbeha County Hospital is *precluded from raising a constitutional challenge to* Miss. Code Ann. § 41-7-191(16) *without prior notice to the Attorney General.*

(Emphasis added).

## CONCLUSION

¶16. Based upon the above, we find that the circuit court did not err by affirming MDOC's interpretation and application of section 47-7-3(1)(h)(i), as amended. We further find that the constitutionality of the statute is not properly before the Court.[3]

¶17. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, LAWRENCE AND SMITH, JJ., CONCUR. WILSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., WESTBROOKS, McDONALD AND McCARTY, JJ. McDONALD, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY McCARTY, J.;**

---

[3] The Equal Protection challenge can be raised by a separate action filed in circuit court. *See Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 768-69 (¶¶16-18) (Miss. Ct. App. 2011).

**WESTBROOKS, J., JOINS IN PART.**

**WILSON, P.J., DISSENTING:**

¶18. In this case, the Mississippi Department of Corrections (MDOC) interpreted the parole-eligibility statute, Miss. Code Ann. § 47-7-3 (Supp. 2021), to provide that every person convicted of armed robbery is eligible for parole *except* those who committed the offense during a nine-month window from October 1, 1994, through June 30, 1995.[4] As a result, MDOC determined that Phillips, who committed an armed robbery in November 1994, is not eligible for parole. As framed by the parties, the issues on appeal are whether MDOC's interpretation of the statute is correct and whether it violates the Equal Protection Clause. The lead opinion injects a third issue into the case, arguing that Phillips waived the constitutional issue because he did not "'specifically' plead" the issue in his Administrative Remedies Program (ARP) grievance and did not serve the Attorney General with special notice. However, in both the circuit court and this Court, the State, by and through the Attorney General, has responded to Phillips's constitutional argument on the merits and has *not* argued that Phillips waived the issue. For the reasons discussed in Part IV *infra*, this Court should not sua sponte assert procedural arguments that the State itself has abandoned.

¶19. On the merits, I respectfully disagree with the lead opinion that the parole-eligibility statute "clearly" renders Phillips ineligible for parole. *Ante* at ¶¶10-11. In fact, no provision of the statute clearly applies to Phillips's case. The statute's ambiguity appears to be the

---

[4] By "eligible for parole," I mean eligible for parole after serving the minimum time required by the parole-eligibility statute. I also note that any offender convicted of armed robbery as a habitual offender would be ineligible for parole due to his status as a habitual offender. *See* Miss. Code Ann. §§ 99-19-81 & -83 (Rev. 2020).

10

result of legislative inattention—not any legislative intent to single out a narrow and seemingly arbitrary subset of armed robbery sentences for disfavored treatment. Regardless, while the correct or best interpretation of the statute is a difficult issue, the constitutional issue Phillips raises is straightforward. If the statute is interpreted to deny Phillips parole eligibility, then it is arbitrary and irrational and violates the Equal Protection Clause as applied to Phillips. Accordingly, we should reverse and render and grant Phillips the relief he requested in his ARP grievance: parole eligibility.

## I.        Historical Background

¶20.    Some historical context is necessary to understand the issues in this appeal and why MDOC has concluded that all persons convicted of armed robbery are eligible for parole except those who committed the offense during a nine-month window in the mid-1990s. Prior to October 1, 1994, an offender convicted of armed robbery generally became eligible for parole after serving ten years. *See* Miss. Code Ann. § 47-7-3(1)(d) (Rev. 1993).

¶21.    Effective October 1, 1994, the Legislature amended the parole-eligibility statute to provide that no person who committed an armed robbery on or after October 1, 1994, would be eligible for parole. 1994 Miss. Laws, 1st Ex. Sess., ch. 25, § 5 (S.B. 2003).[5] In contrast,

---

[5] The statute referred to persons who had been "convicted" "on or after October 1, 1994." However, the Mississippi Supreme Court has held that an amendment that eliminates parole eligibility cannot be applied to offenses committed prior to the amendment's effective date. *See Hall v. State*, 800 So. 2d 1202, 1205 (¶8) (Miss. Ct. App. 2001) (citing *Puckett v. Abels*, 684 So. 2d 671, 678 (Miss. 1996)). Therefore, to the extent that it remains operative, this provision should be interpreted to apply only to offenses committed after the amendment's effective date. *See id.* This seems to be the interpretation of the statute adopted in MDOC's ARP decision and brief on appeal. In any event, the point is immaterial in Phillips's case because he committed the subject armed robbery about seven weeks after the amendment's effective date.

offenders convicted of armed robberies committed prior to October 1, 1994, generally remained eligible for parole after serving ten years. *See id.*

¶22.    Parole eligibility for armed robbery sentences remained unchanged for nearly twenty-seven years thereafter. Then in 2021, the Legislature amended the parole-eligibility statute to provide that a person convicted of armed robbery "shall be eligible for parole only after having served sixty percent (60%) or twenty-five (25) years, whichever is less, of [his] sentence." Miss. Code Ann. § 47-7-3(1)(h)(i)(2) (Supp. 2022), as amended by 2021 Miss. Laws ch. 479, § 2 (S.B. 2795). This particular provision was part of a new subsection (1)(h)(i) of the statute, which provides:

> (h)(i) **Offenders eligible for parole consideration for offenses committed after June 30, 1995.** Except as provided in paragraphs (a) through (g) of this subsection, offenders may be considered eligible for parole release as follows:
>
>> **1. Nonviolent crimes.** All persons sentenced for a nonviolent offense shall be eligible for parole only after they have served twenty-five percent (25%) or ten (10) years, whichever is less, of the sentence or sentences imposed by the trial court. . . .
>>
>> **2. Violent crimes.** A person who is sentenced for a violent offense as defined in Section 97-3-2, except [armed] robbery . . . , drive-by shooting . . . , and carjacking . . . , shall be eligible for parole only after having served fifty percent (50%) or twenty (20) years, whichever is less, of the sentence or sentences imposed by the trial court. Those persons sentenced for [armed] robbery . . . , drive-by shooting . . . , and carjacking . . ., shall be eligible for parole only after having served sixty percent (60%) or twenty-five (25) years, whichever is less, of the sentence or sentences imposed by the trial court.
>>
>> **3. Nonviolent and nonhabitual drug offenses.** A person who has been sentenced to a drug offense . . . , whose crime was committed after June 30, 1995, shall be eligible for parole only after he has served twenty-five percent (25%) or ten (10) years, whichever is less, of the sentence or sentences imposed.

Miss. Code Ann. § 47-7-3(1)(h)(i).

¶23.    The lead opinion concludes that paragraph (1)(h)(i)(2) "clearly does not apply to" Phillips because he is serving a sentence for a 1994 armed robbery. *Ante* at ¶11. The lead opinion relies on the heading at the very beginning of subsection (1)(h)(i): "**Offenders eligible for parole consideration for offenses committed after June 30, 1995.**" However, it is not perfectly clear that the heading controls all paragraphs under subsection (1)(h)(i). Paragraph (1)(h)(i)(3), regarding nonviolent/non-habitual drug offenses, does specifically limit that paragraph's application to offenses committed after June 30, 1995. But paragraphs (1)(h)(i)(1)-(2), regarding other nonviolent crimes and violent crimes, including armed robbery, contain no limitation based on the date of the offense.

¶24.    Before trying to apply the amended statute to Phillips's case, it is important to explain *why* the 2021 Legislature would have expanded parole eligibility for persons convicted after June 30, 1995. The Legislature almost certainly selected that date because it was the effective date of Mississippi's "truth-in-sentencing" or "eighty-five percent" law, which broadly *eliminated* parole for most offenses.[6]

¶25.    Like the lead opinion, MDOC concluded that new paragraph (1)(h)(i)(2) of the parole-eligibility statute only applies to armed robberies committed after June 30, 1995. As interpreted by MDOC, this provision does not help Phillips, who is serving a sentence for an

---

[6] *See* 1995 Miss. Laws ch. 596 (S.B. 2175) ("An Act to Provide More Effective Protection of Society by Phasing Out Parole and Good Time; To Require An Inmate to Serve At Least 85% of a Sentence . . . ."); *id.* § 3 (amending the parole-eligibility statute to provide that "[n]o person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995"); *Puckett*, 684 So. 2d at 672-78 (discussing the law and holding it unconstitutional as applied to offenses committed prior to its effective date).

13

armed robbery he committed in November 1994. In addition, any offender still serving a sentence for an armed robbery committed prior to October 1, 1994, remains eligible for parole under current law. *See* Miss. Code Ann. § 47-7-3(9). Therefore, the upshot of MDOC's interpretation of the statute is that *all* offenders convicted of armed robbery are eligible for parole *except* for those who committed the offense during the nine-month window from October 1, 1994, through June 30, 1995.

## II. Interpretation of the Parole-Eligibility Statute

¶26. One question on appeal is whether MDOC's interpretation of the parole-eligibility statute is correct. We review MDOC's interpretation de novo. *Parker v. Mallett*, 298 So. 3d 994, 997 (¶7) (Miss. 2020).

¶27. The statute has been amended many times over the years, and parts of the current version are confusing, especially as applied to some older convictions such as Phillips's armed robbery conviction. The statute begins with the following general provision:

> (1) *Every prisoner* who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the [MDOC] for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the department, and who has served the minimum required time for parole eligibility, *may be released on parole as set forth herein*:

Miss. Code Ann. § 47-7-3(1) (emphasis added). In other words, "[e]very prisoner" in MDOC's custody who has followed MDOC's rules and served the minimum time required for parole eligibility "may be released on parole" subject to the various exclusions, limitations, and conditions "set forth" in section 47-7-3's remaining provisions. Thus, any

14

parole-eligibility determination should begin by determining *which* provision of section 47-7-3 applies to the subject offense.

¶28.　Section 47-7-3 contains several provisions that clearly prohibit parole for certain offenders.　For example, habitual offenders, sex offenders (with one minor exception), persons convicted of human trafficking (for crimes committed on or after July 1, 2014), and persons convicted of drug trafficking are all categorically ineligible for parole.　*Id.* § 47-7-3(1)(a)-(b) & (e)-(f).　However, no provision of the current statute clearly prohibits parole for any person convicted of armed robbery.　Rather, as set out above, one provision of the current statute clearly provides that at least some persons convicted of armed robbery are eligible for parole.　*Id.* § 47-7-3(1)(h)(i)(2).

¶29.　The lead opinion does not identify which provision of the parole-eligibility statute it believes is applicable to Phillips's case.　Instead, the lead opinion only states that one provision of the statute "clearly does *not* apply to" Phillips.　*Ante* at ¶11 (emphasis added).　As explained above, I submit that this point actually is not "clear."　*See supra* ¶23.　More important, to determine whether Phillips is parole eligible, we need to identify the provision that *does* apply to his case, not just one provision that "does not apply."　*See supra* ¶27.

¶30.　In any event, the statute is ambiguous and presents a difficult issue of interpretation because the 2021 amendments substantially revised the statute as a whole but failed to make any clear provision for armed robberies committed between October 1, 1994, and June 30, 1995.　I would bypass that difficult issue of statutory interpretation because Phillips's

constitutional argument is straightforward and dispositive.[7]

### III.    Phillips's Equal Protection Argument

¶31.    Phillips argues that MDOC's determination that he is ineligible for parole violates the Equal Protection Clause because MDOC's interpretation of the parole-eligibility statute draws an "irrational and wholly arbitrary" distinction.  Specifically, as set out above, MDOC interprets the statute to provide that all offenders convicted of armed robbery are eligible for parole except for those who committed the offense during a nine-month window from October 1, 1994, to June 30, 1995.[8]

¶32.    As explained above, the Legislature likely expanded parole eligibility for offenses committed after June 30, 1995, because that was the effective date of Mississippi's "truth-in-sentencing" or "eighty-five percent" law, which broadly eliminated parole for most offenses. *See supra* ¶24.  The 2021 Legislature presumably intended to restore parole eligibility that had been taken away by the 1995 law.  But this left a narrow subset of mid-1990s armed robberies as the *only* armed robberies that are not eligible for parole in Mississippi.  There is no apparent policy reason for excluding that narrow group from eligibility for parole. Rather, the exclusion appears to have been a mistake.

_____

[7] We generally avoid deciding constitutional issues if the case can be decided on other grounds.  *Sinko v. State*, 192 So. 3d 1069, 1077 (¶24) (Miss Ct. App. 2016).  However, this rule is "prudential" in nature.  *Zobrest v. Catalina Foothills Sch. Dist.*, 509 U.S. 1, 8 (1993). In this case, I would not rigidly adhere to this prudential rule but would instead address the dispositive constitutional issue for the simple reason that it "is more straightforward than the statutory one."  *Ritchie v. Polis*, 467 P.3d 339, 342 (Colo. 2020).

[8] MDOC made its position clear in its final administrative decision, stating that the 2021 amendments to the statute "didn't make armed robbery committed from 10/1/1994 to 6/30/1995 eligible for a parole date."

¶33. "Parole . . . is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). But "[t]he absence of a protected liberty interest in release on parole does not . . . preclude an equal protection claim." *Enriquez v. Stringfellow*, 81 F. App'x 487, 488 (5th Cir. 2003). Rather, prisoners "may invoke . . . the Equal Protection Clause of the Fourteenth Amendment where appropriate" as a "protection from arbitrary state action." *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *see also, e.g.*, *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978) ("A state prisoner need not allege the presence of a suspect classification or the infringement of a fundamental right in order to state a claim under the Equal Protection Clause. The lack of a fundamental constitutional right or the absence of a suspect class merely affects the court's standard of review; it does not destroy the cause of action.").

¶34. In general, "a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *F.C.C. v. Beach Commc'ns Inc.*, 508 U.S. 307, 313 (1993). However, even under rational-basis review, a classification is unconstitutional if it is "wholly arbitrary" and serves "no legitimate purpose." *Williams v. Vermont*, 472 U.S. 14, 23 (1985).

¶35. In response to Phillips's equal protection argument, the State does not articulate *any* rational basis for prohibiting parole for only those offenses committed from October 1, 1994, through June 30, 1995. Rather, the State relies on this Court's holding that "[a] state's decision to expand parole eligibility only on a prospective basis is rational and does not

17

discriminate on any purposeful or invidious basis." *Fluker v. State*, 200 So. 3d 1148, 1149 (¶2) (Miss. Ct. App. 2016) (quotation marks omitted). To expand on *Fluker*'s point, it is "rational" for a state "to expand eligibility for parole only on a prospective basis" because parole-eligibility laws influence sentencing decisions. When selecting an appropriate sentence, the judge will likely consider how much of the sentence the defendant will have to serve before he is eligible for parole. For that reason, it is "rational" for a state not to change the parole-eligibility rules for offenders who were sentenced on the assumption that they would be ineligible for parole.

¶36. But *Fluker* and its reasoning are inapposite here because, as interpreted by MDOC, the 2021 amendments to the parole-eligibility statute did *not* "expand parole eligibility only on a prospective basis." *Id.* Rather, those amendments granted parole eligibility for all armed robberies committed during the *previous twenty-six years*. This left only armed robberies committed during a nine-month window in 1994 and 1995 ineligible for parole. Given that the Legislature intentionally expanded parole eligibility for twenty-six years' worth of prior convictions, the exclusion of only those offenses committed during a seemingly random nine-month window decades earlier cannot possibly be justified by the purpose that this Court deemed rational in *Fluker*.

¶37. The State also argues that Phillips's equal protection claim fails because Phillips has not "been treated differently than other inmates similarly situated (i.e., those inmates that have also been convicted of armed robbery after October 1, 1994, and committed the offense prior to July 1, 1995)." But this argument ignores that it is the classification itself—the

18

narrow subset of offenders singled out for disfavored treatment—that is arbitrary and irrational. As the United States Supreme Court has explained,

> the fact that all those not benefitted by the challenged [classification] are treated equally has no bearing on the legitimacy of that classification in the first place. A State cannot deflect an equal protection challenge by observing that in light of the statutory classification all those within the burdened class are similarly situated. The classification must reflect pre-existing differences; it cannot create new ones that are supported by only their own bootstraps. The Equal Protection Clause requires more of a state law than nondiscriminatory application within the class it establishes.

*Williams*, 472 U.S. at 27 (quotation marks omitted).

¶38. In summary, there is no legitimate purpose or rational basis for the classification at issue in this case, which arbitrarily singles out a relatively narrow class of offenders for unequal treatment. Accordingly, the classification cannot survive rational-basis review under the Equal Protection Clause.

### IV. The Lead Opinion's Waiver Arguments

¶39. The lead opinion does not address Phillips's constitutional argument. Rather, the lead opinion states that Phillips waived the issue because he "did not 'specifically' plead that Mississippi Code Annotated section 47-7-3(1)(h)(i) is unconstitutional" in his ARP filings and did not serve special notice on the Attorney General pursuant to Mississippi Rule of Civil Procedure 24(d) or Mississippi Rule of Appellate Procedure 44(a). I respectfully disagree.

¶40. To begin with, Phillips's argument is not a direct challenge to the constitutionality of a statute. Phillips primarily argues that he is eligible for parole under the statute and secondarily argues that MDOC's interpretation of the statute violated his constitutional rights. Phillips does not ask us to enjoin or strike down the operation of any statute.

19

¶41. I would not fault Phillips for not pleading this issue more specifically in his ARP filings. For one thing, it is not clear that a prison official *could* declare a statute unconstitutional and refuse to follow it in response to an ARP grievance.[9] Moreover, Phillips asked MDOC to restore his parole-eligibility date because he believed he was eligible for parole under the 2021 amendments to the statute. MDOC did not clearly reject Phillips's position until the agency rendered its final decision in its second-step ARP response. Phillips then properly raised his constitutional argument on appeal to the circuit court. *See* UCRCCC 5.03 (stating that a circuit court will "entertain an appeal to determine if the order or judgment of [an administrative agency] . . . [v]iolated some statutory or constitutional right of the complaining party").

¶42. In addition, the Mississippi Supreme Court has held that a party is not required to serve special notice on the Attorney General when the party "does not seek to invalidate a statute, but only challenges the constitutionality of its application." *Dedeaux Util. Co. v. City of Gulfport*, 63 So. 3d 514, 534 (¶53) (Miss. 2011) (citing *Aarco Oil & Gas Co. v. EOG Res. Inc.*, 20 So. 3d 662, 665 (¶7) (Miss. 2009)). The Supreme Court's holding is applicable here. Phillips did not file an action to invalidate or enjoin the enforcement of any state statute. Rather, he simply filed an appeal from an adverse decision by an administrative agency in which he raised an alternative argument that the agency's interpretation of a statute was

---

[9] *See, e.g.*, *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994) ("[W]e agree that adjudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies." (quotation marks, brackets, and citations omitted)); *Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").

unconstitutional as applied to him.

¶43.    I also recognize, as the lead opinion notes, that in *Oktibbeha County Hospital v. Mississippi State Department of Health*, 956 So. 2d 207, 210-11 (¶¶13-16) (Miss. 2007), the Mississippi Supreme Court held that a party was procedurally barred from challenging the constitutionality of a statute because it had not served notice on "the **Attorney General**," even though the opposing party in the case was a state agency represented by a special assistant attorney general.  However, *Oktibbeha County Hospital* is distinguishable because it involved a direct attack on the constitutionality of a state statute.  *See id.* at 210 (¶12). More important, in that case the state agency *actually argued* that the opposing party's constitutional challenge was "procedurally barred" due to its failure to serve notice on the Attorney General.  *Id.* at (¶13).

¶44.    Here, in contrast, MDOC has responded to Phillips's constitutional argument on the merits and has never claimed that the issue is waived or procedurally barred.  Indeed, MDOC addresses the issue in a brief submitted by "LYNN FITCH, Attorney General for the State of Mississippi" (signed by a special assistant attorney general as counsel for MDOC).  I do agree with the lead opinion that mere service of a brief on a special assistant attorney general "is not sufficient" to satisfy the applicable rules.  *Id.* at 211 (¶16).  However, this issue, like almost any other issue, can be waived.  *See, e.g.*, *Williams v. State*, 334 So. 3d 177, 183 (¶19) (Miss. Ct. App. 2022) ("A party can waive a waiver argument by not making the argument below or in its briefs." (quoting *Mayton v. Oliver*, 247 So. 3d 312, 321 (¶31) (Miss. Ct. App. 2017))).  In this case, the State waived any alleged procedural bar, and there is no reason for

21

this Court to raise the issue sua sponte. As this Court and the Mississippi Supreme Court have stated, "Simply put, we will not act as an advocate for one party to an appeal." *Rosenfelt v. Miss. Dev. Auth.*, 262 So. 3d 511, 519 (¶27) (Miss. 2018) (quoting *Jefferson v. State*, 138 So. 3d 263, 265 (¶9) (Miss. Ct. App. 2014)).

## CONCLUSION

¶45.    This Court should not assert alleged procedural bars that the State itself has abandoned. On the merits, MDOC's interpretation of the parole-eligibility statute violates the Equal Protection Clause as applied to Phillips. Therefore, I would reverse and render the judgment of the circuit court and direct MDOC to classify Phillips as eligible for parole. Accordingly, I respectfully dissent.

**BARNES, C.J., WESTBROOKS, McDONALD AND McCARTY, JJ., JOIN THIS OPINION.**

**McDONALD, J., DISSENTING:**

¶46.    I dissent from the lead opinion. Phillips properly raised an Equal Protection claim under the Fourteenth Amendment to MDOC and to the circuit court through his petition for judicial review of the ARP decision. Furthermore, his claim is in fact colorable, as it is clear that MDOC's interpretation of the 2021 parole-eligibility statute unfairly discriminates against Phillips and others who committed identical crimes between October 1994 and July 1995.

¶47.    I agree with Presiding Judge Wilson's dissent, both in his analysis of the parole-eligibility statute and, more importantly, his analysis of Phillips' Equal Protection claim. I also agree with his analysis of the State's waiver of the argument that Phillips failed to

22

provide notice to the Attorney General. In addition, I agree with Presiding Judge Wilson's point on the lead opinion's waiver analysis; however, I would further distinguish Phillips' case from *Oktibbeha County Hospital v. Mississippi State Department of Health*, 956 So. 2d 207, 210-11 (¶¶13-14) (Miss. 2007), by referring to our holding in *Jobe v. State*, 288 So. 3d 403 (Miss. Ct. App. 2019), a unanimous decision from our Court in which we considered an inmate's constitutional claim despite a lack of service of process on the Attorney General.

¶48. In *Jobe*, our Court specifically clarified that "there is no requirement of service of process when a prisoner files a petition for review of an ARP decision in circuit court." *Id*. at 409 (¶25). In that case, Jobe was incarcerated with MDOC. *Id*. at 405 (¶3). Prior to his incarceration, however, Jobe had contracted Hepatitis-C. *Id*. at (¶4). In 2014, a new treatment for Hepatitis-C became available, and Jobe requested that MDOC make it available to him. *Id*. at (¶5). MDOC responded that it was currently considering adding the treatment to its formulary and said it would inform Jobe when it was made available. *Id*. at 406 (¶7). Eight months later, Jobe made a second request for treatment via the ARP. *Id*. at (¶8). MDOC denied the request based on the reasoning that Jobe had already made a request and been denied, despite the first request never actually being denied. *Id*.

¶49. Jobe then appealed the decision to the Sunflower County Circuit Court, claiming that MDOC's denial of his treatment was arbitrary and capricious and thus violated his constitutional rights. *Id*. at (¶10). MDOC challenged the petition on the ground that Jobe had failed to personally serve the Attorney General. *Id*. at (¶11). The circuit court found it lacked jurisdiction over Jobe's appeal. *Id*. at 407 (¶13). Jobe then appealed, and the case

23

was assigned to our Court. *Id*. at (¶15). We analyzed an inmate's right to judicial review, as granted under Mississippi Code Annotated section 47-5-807, which states:

> Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.

*Id*. at 408 (¶20). We held in *Jobe* that the statute clearly was describing the final step in the ARP process and that judicial review was not a "new filing" or lawsuit that required separate service of process on MDOC or the Attorney General. *Id*. Rather, as it is the final step in the ARP process, "no more than notice to MDOC of the intent to appeal should be required." *Id*. (citing UCRCCC 5.04).[10]

¶50. I see no reason why the same reasoning should not apply to Phillips' facts in the present case. Phillips raised an issue regarding his parole eligibility in the ARP. His

---

[10] Rule 5.04 of the Uniform Civil Rules of Circuit and County Court Practice states:

> The party desiring to appeal a decision from a lower court must file a written notice of appeal with the circuit court clerk. A copy of that notice must be provided to all parties or their attorneys of record and the lower court or lower authority whose order or judgment is being appealed. A certificate of service must accompany the written notice of appeal. The court clerk may not accept a notice of appeal without a certificate of service, unless so directed by the court in writing. In all appeals, whether on the record or by trial de novo, the notice of appeal and payment of costs must be simultaneously filed and paid with the circuit court clerk within thirty (30) days of the entry of the order or judgment being appealed. The timely filing of this written notice and payment of costs will perfect the appeal. The appellant may proceed in forma pauperis upon written approval of the court acting as the appellate court. The written notice of appeal must specify the party or parties taking the appeal; must designate the judgment or order from which the appeal is taken; must state if it is on the record or an appeal de novo; and must be addressed to the appropriate court.

requested relief was denied, based on MDOC's interpretation of the parole-eligibility statute, deeming Phillips ineligible for parole. He then pursued the ARP's second step, and MDOC cited the new statute, finding it did not provide parole eligibility to those who committed crimes between October 1994 and July 1995. Phillips then requested judicial review by the Sunflower County Circuit Court, just as Jobe did. *See id*. at 405-06 (¶¶5-10). While Jobe did not raise an attack on a statute's constitutionality, neither has Phillips. Rather, Phillips simply attacks MDOC's interpretation of the parole eligibility statute on the ground that if MDOC's interpretation is true, it violates his constitutional rights. This is not the same as an attack on the constitutionality of a statute being pursued according to Mississippi Rule of Civil Procedure 24(d). For this reason, I would reiterate what we held in *Jobe*: "there is no requirement of service of process when a prisoner files a petition for review of an ARP decision in circuit court." *Id*. at 409 (¶25). Rather, all that is necessary is a notice of intent to appeal to be filed with the circuit court and a copy of such notice be provided to the parties and administrative agency whose decision is being appealed. UCRCCC 5.04.

¶51. For the reasons stated in Judge Wilson's dissent, along with the above-stated reasons, I would find that Phillips' Equal Protections claim was timely, colorable, and properly served. Based on this, he should be granted parole eligibility based on the new parole-eligibility statute.

**McCARTY, J., JOINS THIS OPINION. WESTBROOKS, J., JOINS THIS OPINION IN PART.**

25